

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 12, 1970

Mr. Joe A. Myers, President     Opinion No. M- 626
State Board of Morticians
Page Building                Re:   The extent of authority
610 Brazos Street               of the State Board of
Austin, Texas                  Morticians to carry on
                               investigations under Article
                               4582b, Vernon's Civil
Dear Mr. Myers:                Statutes.

Your request to this office for an opinion on the above subject contained two questions as follows:

"1. Does the State Board of Morticians have the legal right, under the enforcement provisions of Article 4582b to request disinterment of a dead human body by the Medical Examiner of Harris County?

"2. Does the County Medical Examiner have authority under Article 49.25, C.C.P., to disinter a human body for purposes of identification of the torso, even though his records indicate an autopsy and/or inquest was held on the body of the decedent prior to burial?"

In answer to your questions, you are advised as to the following pertinent statutory laws which apply under your factual situation.

Article 4582b in Section 3H, Vernon's Civil Statutes, says in pertinent part as follows:

"The State Board of Morticians is hereby authorized and empowered and it shall be its duty to conduct hearings to revoke, suspend, or place on probation any licensed funeral director and/or embalmer, or apprentice, and may refuse to admit persons to examination for any of the following reasons: ...

-2997-

Mr. Joe A. Myers, Page 2 (M-626)

"2.  Conviction of a crime of the grade of
a felony or of a misdemeanor involving moral
turpitude; ...

"12.  Willfully making any false statement
on a certificate of death; ..."

In Section 4D2(b) of Article 4582b, the Board is
required to cause an investigation to be made whenever a
complaint is filed with or by the Board.

Pursuant to the obligations imposed upon the Board
by the statute, the Board is authorized to request the County
Medical Examiner to order an exhumation for good cause shown.

If the results of the Board's investigation show
possible violations of the penal laws of the State in regard
to dead human bodies, a factual report should be made to
the District Attorney and to the County Medical examiner who
will determine if an inquest should be held and whether an
autopsy should be performed.

Section 6 of Article 49.25 imposes a duty upon any
medical examiner, or his duly authorized deputy, to hold
inquest with or without a jury within his county, among other
things,

"3.  When the body of a human being is
found, and the circumstances of his death are
unknown;

"4.  When the circumstances of the death
of any person are such as to lead to suspicion
that he came to his death by unlawful means. ..."

Section 7 of Article 49.25 makes it the duty of any
official or private citizen who shall become aware of a
death under any of the circumstances set out in Section 6
therein to immediately report such death to the office of
the medical examiner or to the city or county police department.

Section 10 of Article 49.25 provides that when a body
upon which an inquest ought to have been held has been interred,
the medical examiner, may cause it to be disinterred for the
purpose of holding such inquest.

## S U M M A R Y

Under Article 4582b, Vernon's Civil Statutes, the State Board of Morticians has authority to cause investigations of all alleged violations which may constitute grounds for prescribed actions by the Board against its licensees. If probable cause exists from such an investigation involving a dead human body, the Board has a duty to report such findings to the County Medical Examiner, together with a request for exhumation.

Under Article 49.25, C.C.P., the County Medical Examiner may cause a human body to be disinterred if his findings of fact show a need for an inquest to be held.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Sam L. Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman

Jo Betsy Lewallen
Joe Longley
Howard Fender
David Longoria

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant